UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:14-cr-92-T-24MAP

vs.

GLADYS FUERTES and
MARIO FUERTES.
_____/

# ORDER

This cause comes before the Court on Defendants' Gladys Fuertes and Mario Fuertes Motion in Limine in which Defendants seek to exclude from trial certain testimony and evidence relating to Defendants' facilitation of the provision of fraudulent prescriptions for Oxycodone and other controlled substances to Gables Medical and Therapy Center ("Gables") patients. (Dkt. 66). The government has filed a response in opposition. (Dkt. 67). For the reasons stated below, the Court **DENIES** the motion in limine.

**I.      BACKGROUND.**

This is a healthcare fraud case. The seventeen (17) count Indictment, returned March 13, 2014, charges Defendants with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, health care fraud, in violation of 18 U.S.C. § 1347, aggravated identify theft, in violation of 18 U.S.C. § 1028A, and obstruction of a healthcare crime investigation, in violation of 18 U.S.C. § 1518. (Dkt. 1). Relevant to the motion in limine is the conspiracy charge contained in Count One of the Indictment, which alleges that Defendants conspired with their co-conspirators (Brian Kelly and others, including Kathleen Ortega) and each other to commit healthcare fraud. The manner and means of the charged conspiracy includes allegations that Defendants paid co-conspirators (Brian Kelly, Kathleen Ortega, and others) to recruit patients/ Medicare beneficiaries

for Gables, and to drive patients to the clinic for basic and sham medical services; that Defendants, with Brian Kelly's assistance, paid Medicare beneficiaries and Gables patients for their Medicare identification numbers to allow Gables to bill Universal Healthcare Group for services that were never rendered; that Defendants paid kickbacks to Medicare beneficiaries/Gables patients; that Defendants "facilitate[d] the provision of fraudulent prescriptions for controlled substances, including Oxycodone, to Gables patients/Medicare beneficiaries" and that in some cases, the physician signatures on the prescriptions were forged; and that Brian Kelly purchased Oxycodone pills from Gables patients/Medicare beneficiaries for cash and distributed Oxycodone to others in exchange for cash, with Defendants' knowledge and consent. (Dkt. 1 at 4-6).

## II.    ANALYSIS.

Defendants seek to exclude the allegations related to Defendants' facilitation of the provision of prescription controlled substances, including Oxycodone, to patients as irrelevant and prejudicial pursuant to Federal Rules of Evidence 401 and 403. Defendants assert that this case is a healthcare fraud case about the billing for medical services that either were not rendered or billed as if a doctor was present when one was not, and thus, the evidence and testimony they seek to exclude regarding the provision of prescription controlled substances is not relevant to the issues in the case. (Dkt. 66 at 3). In addition, even if the evidence were relevant, Defendants argue that it has limited probative value, which is substantially outweighed by the danger of unfair prejudice and would lead to confusion of the issues. (*Id.*).

While evidence and testimony of Defendants' facilitation of the provision of controlled substances may be prejudicial, it is *charged conduct* of both the conspiracy and scheme to defraud and the Court finds that it is relevant to the issues in this case because this offense conduct is part and parcel of the allegations in the indictment. Moreover, under Rule 403, the evidence is not so

prejudicial that it far outweighs its probative value.  Rather, the evidence goes to Defendants' (and their co-conspirators') alleged means for accomplishing the charged healthcare fraud.  The Court finds that the Rule 403 balancing test permits its admission at trial.

Finally, this is evidence that is intrinsic to the charged conduct because it is necessary to complete the story of the crime and is inextricably intertwined with the evidence of the charged offense.  *See United States v. Edouard*, 495 F.3d 1324, 1344 (11th Cir. 2007) (stating that evidence that is intrinsic to the charged crimes includes (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense; (2) evidence necessary to complete the story of the crime; or (3) evidence that is inextricably intertwined with the evidence of the charged offense).

**III.   CONCLUSION.**

Accordingly the motion in limine is **DENIED**.  Evidence and testimony concerning Defendants' facilitation of the provision of controlled substances, including Oxycodone, to Gables patients is admissible at trial.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To:
Counsel of record