UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES

v.   Case No. 8:14-cr-92-T-24MAP

GLADYS FUERTES
_____/

**ORDER**

This cause comes before the Court on Defendant's Renewed Motion for Judgment of Acquittal and in the Alternative Motion for New Trial (Doc. 113). The Government filed a response (Doc. 116)  For the reasons set forth below, the motion is **DENIED**.

**I.   Background**

Gladys Fuertes along with her husband Mario Fuertes, was indicted on 17 counts to include conspiracy to commit healthcare fraud (count one), healthcare fraud (counts two through eleven), aggravated identity theft (counts twelve through fifteen), and obstruction of a healthcare investigation (counts sixteen and seventeen).  (Doc. 1).  On March 24, 2015, a jury returned a guilty verdict on all seventeen counts as to Gladys Fuertes. (Doc. 101).

**II.   Motion for Judgment of Acquittal**

On April 8, 2015, Gladys Fuertes filed a Renewed Motion for Judgment of Acquittal, alleging that: there was insufficient evidence to sustain the convictions, and "ample reasonable doubt existed in this case."  (Doc. 113).

In deciding a motion for judgment of acquittal, this Court "must view the evidence in the light most favorable to the government . . . and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  See United States v. Sellers, 871 F.2d

1

1019, 1021 (11th Cir. 1989). The prosecution need not rebut all reasonable hypotheses other than guilt and the "jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." Id. All credibility choices must be in support of the jury's verdict. United States v. Williams, 390 F 3d. 1319, 1323 (11th Cir. 2004). A district court may set aside the jury's verdict only if there is insufficient evidence to sustain the conviction. Fed. R. Crim. P. 29.

The evidence against Gladys Fuertes as to the conspiracy to commit healthcare fraud and the substantive healthcare fraud counts was overwhelming. The documentary evidence as well as the testimony of witnesses showed that she was actively involved in defrauding the Medicare program and obtaining money by false representations. The documentary evidence as well as the testimony also proved she committed aggravated identity theft by using Dr. Ocampo's Medicare billing number, unbeknown to him, to submit false Medicare claims to Universal Insurance on numerous occasions. Finally, the evidence was clear that Gladys Fuertes actively obstructed the criminal investigation of the healthcare fraud by orchestrating the alteration and fabrication of billing documents and patient notes.

### III. Motion for New Trial

Upon motion of the Defendant, the court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. United States v. Martinez, 763 F. 2d 1297, 1313 (11th Cir. 1985).

Gladys Fuertes argues she is entitled to a new trial because the Jury's verdict was contrary to the great weight of evidence. As stated above, the evidence against Gladys Fuertes and in

support of the jury's verdict as to each of the counts was overwhelming.  She is not entitled to a new trial.

For the reasons stated above, Gladys Fuertes' Renewed Motion for Judgment of Acquittal and in the Alternative Motion for new Trial is DENIED.

It is so Ordered this 23rd day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge