**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:14-cr-92-TPB-UAM

GLADYS FUERTES,

Defendant.
_______________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Gladys Fuertes's motion for compassionate release, filed *pro se* on February 25, 2026. (Doc. 245). On April 20, 2026, the Government filed its response, which the Court accepted as timely. (Docs. 251; 252; 253). After reviewing the motion, response, case file, and the record, the Court finds as follows:

Defendant was charged, along with her husband, in a 17-count indictment with conspiracy to commit healthcare fraud, healthcare fraud, aggravated identity theft, and obstructing a healthcare crime investigation. (Doc. 1). Following a seven-day trial, a jury found her guilty of all counts. (Doc. 206 at 4; Doc. 101). This Court (Judge Bucklew) sentenced Defendant to a total of 234 months in prison. (Doc. 141). She pursued a direct appeal and on January 30, 2018, the Eleventh Circuit affirmed her judgment of conviction and sentence. *United States v. Fuertes*, 723 F. App'x 733 (11th Cir. 2018). Defendant is currently incarcerated at Marianna FCI, she is 52 years old, and she is projected to be released on May 10, 2031.

Defendant has now filed *two* motions seeking compassionate release. In April

2021, Defendant filed her first motion, arguing that she suffers from severe anemia, poorly controlled arterial hypertension, obesity, and that she had been hospitalized with pneumonia – all of which made her more susceptible to severe COVID-19 complications if she contracted the virus. The Court denied her motion. (Doc. 223).

In the instant motion, Defendant requests that the Court modify or reduce her sentence to release her from federal prison, relying on the same facts she presented in 2021. In fact, she bases her requests on medical records and information from the same period and does not provide any significant new or changed circumstances. Rather, the only addition is that she requested a physician review her prior records and provide a letter summarizing them. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after she has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on her behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of her sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because she has not demonstrated any

extraordinary and compelling reason warranting a modification of her sentence.[1] Among other things, Defendant has not shown that any of her alleged medical conditions constitute a serious physical or medical condition that substantially diminishes her ability to provide self-care within the correctional facility and from which she is not expected to recover. Her second motion identifies no change in her condition, no new diagnoses, and no worsening of her health since her prior request for compassionate release. The only new addition – a summary report from a physician that did not personally examine or interview Defendant – simply repackages information already considered by the Court.

Finally, even if Defendant could establish an extraordinary and compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's history and characteristics, the Court finds that release would not be appropriate here. After a lengthy trial, Defendant was sentenced to 234 months imprisonment based on her role as the leader of a long-running healthcare fraud scheme that, together with her husband, defrauded the government of millions of dollars. Defendant also obstructed the investigation by changing patient charts and

[1] In USSG § 1B1.13, the Sentencing Commission identifies circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, including: (1) certain medical circumstances of the defendant, such as a terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) certain family circumstances; (4) the defendant was a victim of certain abuse while in custody; and (5) other circumstances, or a combination of circumstances, similar in gravity to those described above.

instructing patients to lie to investigators. Given the seriousness of Defendant's conduct, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE